IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Darnell Brown, ) | |
| ) | |
| Plaintiff, ) | Case No. 8:13-cv-01499-RBH-JDA |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Cpl. Barry Robinson, Nurse Denise ) | |
| Argentino, ) | |
| ) | |
| Defendants.[1] ) | |
| _____) | |

This matter is before the Court on a motion for summary judgment filed by Plaintiff [Doc. 39]; a motion for default judgment filed by Plaintiff [Doc. 42]; a motion to dismiss filed by Defendant Denise Argentino ("Argentino") [Doc. 46]; a motion for summary judgment filed by Defendant Cpl. Barry Robinson ("Robinson") [Doc. 55]; and a motion to dismiss for lack of prosecution filed by Defendant Robinson [Doc. 75]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and to submit findings and recommendations to the District Court.

Plaintiff, proceeding pro se, filed this action on May 23, 2013, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983.[2] [Doc. 1.] Plaintiff filed a motion for summary judgment on September 25, 2013 [Doc. 39], and Defendant Robinson filed a response in opposition on October 15, 2013 [Doc. 62]. Plaintiff filed a motion for default

---

[1] Ofc. Danny Davenport ("Davenport") was dismissed from this action on October 17, 2013, when the Court granted Defendant Davenport's motion to dismiss. [Doc. 66.]

[2] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, this action was filed on May 23, 2013. [Doc. 1-1 at 1(envelope stamped as received by the prison mail room on May 23, 2013).]

judgment as to Defendant Argentino on September 26, 2013 [Doc. 42], and Defendant Argentino filed a response in opposition on October 15, 2013 [Doc. 63]. Defendant Argentino filed a motion to dismiss on September 26, 2013. [Doc. 46.] By Order filed on September 27, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal/summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. [Doc. 51.] Plaintiff filed what he captioned a "motion to enforce" on December 4, 2013 [Doc. 76], and the Court has construed this filing as a response in opposition to Defendant Argentino's motion to dismiss. Defendant Robinson filed a motion for summary judgment on September 27, 2013 [Doc. 55] and a motion to dismiss for lack of prosecution on December 4, 2013 [Doc. 75]. Plaintiff was again advised of the dismissal/summary judgment procedure and the possible consequences if he failed to adequately respond to these motions on September 30, 2013 and December 4, 2013. [Docs. 56, 78.] Plaintiff filed a response in opposition to the motion to dismiss for lack of prosecution on January 13, 2014 [Doc. 86], and Defendant Robinson filed a reply on January 24, 2014 [Doc. 92]. The motions are ripe for review.

## BACKGROUND

Plaintiff's lawsuit concerns an incident at Lieber Correctional Institution ("Lieber"), where Plaintiff was incarcerated at the time of the alleged events giving rise to this action.[3] Plaintiff alleges that on April 30, 2011, he and Defendant Robinson exchanged words, and Defendant Robinson indicated that Plaintiff would get pay back. Plaintiff further alleges

---

[3] Plaintiff was transferred to Perry Correctional Institution during the pendency of this action. [Doc. 98 (notice of change of address).]

2

that on May 23, 2011, he was stabbed by another inmate, Christopher Simmons ("Simmons"), several times while Defendant Robinson and Davenport escorted Plaintiff to the shower. Plaintiff alleges Simmons reached out of one of the showers and stabbed Plaintiff in the back, chest, and arm with an unknown object. According to Plaintiff, Defendant Robinson and Davenport watched and then left Plaintiff in the shower area and, while they were out of sight, Simmons threw feces on Plaintiff. Further, Plaintiff alleges that Defendant Argentino was aware that Plaintiff had been attacked but failed to treat Plaintiff's injuries; therefore, Plaintiff had to wait four days before being treated.

Plaintiff alleges a cause of action for failure to protect against Defendant Robinson and a cause of action for deliberate indifference to serious medical needs against Defendant Argentino, and Plaintiff seeks monetary damages.

## **APPLICABLE LAW**

### **Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. The mandated liberal construction means only that if the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure

3

up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part,

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ."

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley,* 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State . . . or by a person for whom the State is responsible" and that "the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999) (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Rule 12(b)(6) Motion to Dismiss Standard**

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support [his] claim and would entitle [him] to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). In addition to the complaint, the court "may consider documents attached to the complaint . . . so long as they are integral to the complaint and authentic." *Sec'y of State for Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citing Fed. R. Civ. P. 10(c)).

With respect to well-pleaded allegations, the Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . .

550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556)); *E. Shore Mkts., Inc. v. J.D.*

*Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (noting that court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

**Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact and (2) he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

**DISCUSSION**

**Motion for Summary Judgment Filed by Defendant Robinson**

Defendant Robinson argues he is entitled to summary judgment because he did not act with deliberate indifference because he was unaware that inmate Simmons posed any specific risk of harm; Plaintiff sustained no serious or significant injury; Defendant Robinson is entitled to qualified immunity; and Defendant Robinson is entitled to Eleventh Amendment Immunity. The Court agrees summary judgment should be granted with respect to the failure to protect claim against Defendant Robinson.[4]

The Eighth Amendment protects inmates from physical harm at the hands of fellow inmates resulting from "the deliberate or callous indifference of prison officials to specific known risks of such harm." *Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987) (citing *Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979)). The United States Supreme Court and the Fourth Circuit have rejected a negligence standard in determining deliberate indifference. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Moore v. Winebrenner,* 927 F.2d 1312, 1315–17 (4th Cir. 1991). Thus, merely negligent behavior on the part of a prison official in failing to protect a prisoner from a risk of harm does not present a

---

[4] To the extent Plaintiff brings this suit against Defendant Robinson in his official capacity under § 1983, Defendant Robinson is entitled to immunity pursuant to the Eleventh Amendment from Plaintiff's claim for monetary damages. The Eleventh Amendment prohibits federal courts from entertaining an action against a state. *See, e.g., Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (citations omitted); *Hans v. Louisiana*, 134 U.S. 1, 10–11 (1890). Further, Eleventh Amendment immunity "extends to 'arm [s] of the State,' including state agencies and state officers acting in their official capacity," *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (alteration in original) (internal citations omitted), because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . [and] is no different from a suit against the State itself," *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citation omitted). Therefore, Eleventh Amendment immunity protects state agencies and state officials sued in their official capacity from liability for monetary damages under 42 U.S.C. § 1983. *Id.* As a result, to the extent Plaintiff has alleged a claim for monetary damages against Defendant Robinson in his official capacity under § 1983, that claim must be dismissed because Defendant Robinson in his official capacity is entitled to immunity pursuant to the Eleventh Amendment.

constitutional violation.  *See Whitley*, 475 U.S. at 319 ("[C]onduct that does not purport to be punishment at all must involve more than ordinary lack for due care . . . . [O]bduracy and wantonness, not inadvertence . . . characterize the conduct prohibited by [the Eighth Amendment]."); *see also Moore*, 927 F.2d at 1316 (citing Fourth Circuit cases adopting the Supreme Court's reasoning in *Whitley*).  The Supreme Court has summarized deliberate indifference as follows:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference.

*Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

   Here, Plaintiff has failed to show that Defendant Robinson had actual knowledge that Simmons posed a substantial risk of harm to Plaintiff or that Defendant Robinson disregarded that risk.  *See Baze v. Rees*, 553 U.S. 35 (2008) (noting that the Eighth Amendment protects against a risk of future harm that is "'sure or very likely to cause serious illness and needless suffering'") (quoting *Helling v. McKinney*, 509 U.S. 25, 33 (1993)).  Plaintiff has failed to make a showing that Defendant Robinson wantonly and obdurately failed to take precautions for Plaintiff's safety or showed deliberate indifference to a specific known risk of harm, that Defendant Robinson was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that he also drew the inference.  *Farmer*, 511 U.S. at 837.  Plaintiff admits that the incident was random, that he and Simmons did not know each other, that they had had no prior

10

altercations, and that Plaintiff never complained about Simmons to Defendant Robinson or any other officer. [Docs. 55-4 ¶¶ 1, 6–7; 55-5 ¶¶ 5, 9–10, 13–15.] Based on the record before this Court, there is not sufficient evidence to create a genuine issue of material fact that Defendant Robinson was deliberately indifferent to Plaintiff's risk of harm.[5] Accordingly, Defendant Robinson's motion for summary judgment should be granted.[6]

---

[5]Defendant Robinson is also entitled to qualified immunity.  Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Thus, qualified immunity does not protect an official who violates a constitutional or statutory right of a plaintiff that was clearly established at the time of the alleged violation such that an objectively reasonable official in the official's position would have known of the right. *Id.*  Further, qualified immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

To determine whether qualified immunity applies, a court must determine "'whether the plaintiff has alleged the deprivation of an actual constitutional right at all[ ] and . . . whether that right was clearly established at the time of the alleged violation.'" *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (quoting *Conn v. Gabbert*, 526 U.S. 286, 290 (1999)). "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action[,] assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987) (citing *Harlow*, 457 U.S. at 819).  For purposes of this analysis, a right is "clearly established" if "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* at 640.

District court and court of appeals judges are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).  If a court decides in the negative the first prong it considers—i.e., the court decides the plaintiff has not alleged the deprivation of an actual constitutional right or the right was not clearly established at the time of the alleged violation—the court need not consider the other prong of the qualified immunity analysis. *See id.* at 243–45; *Torchinsky v. Siwinski*, 942 F.2d 257, 260 (4th Cir. 1991) (holding the court "need not formally resolve" the constitutional question of "whether the [plaintiffs] were arrested without probable cause" to address the plaintiffs' § 1983 claim; the court stated that it "need only determine whether [the defendant]—a deputy sheriff performing within the normal course of his employment—acted with the objective reasonableness necessary to entitle him to qualified immunity").

As discussed above, Plaintiff's allegations fail to demonstrate Defendant Robinson violated Plaintiff's constitutional rights. Therefore, Defendant Robinson is entitled to qualified immunity.

[6]The Court recommends that Defendant Robinson's motion to dismiss for lack of prosecution [Doc. 75] be found as moot.  Although Plaintiff was late in responding to the Court's Order directing him to respond to pending dispositive motions [Doc. 72], Plaintiff filed what he captioned a "motion to enforce," indicating that he wished to continue this action [Doc. 76]. The Court is mindful that Plaintiff's response does not specifically address Defendant Robinson; however, out of an abundance of caution and construing Plaintiff's filings liberally, the Court recommends that the case be decided on the merits of Defendant Robinson's motion for summary judgment [Doc. 55] and that Defendant Robinson's motion to dismiss for lack of prosecution [Doc. 75] be found as moot.

**Motion to Dismiss by Defendant Argentino**[7]

Defendant Argentino argues the Complaint fails to meet the pleadings standard required to survive a Rule 12 motion. Specifically, Defendant Argentino argues Plaintiff has failed to plead factual allegations demonstrating that Defendant Argentino was informed of the scope and extent of Plaintiff's injuries, that Plaintiff's injuries rose to the level of an objectively serious condition, or that Defendant Argentino acted in a manner so grossly incompetent, inadequate, or excessive as to shock the conscience. The Court disagrees.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment and states a cause of action under § 1983 because deliberate indifference constitutes "the 'unnecessary and wanton infliction of pain.'" *Estelle*, 429 U.S. at 104–05 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (joint opinion of Stewart, Powell, and Stevens, JJ.)). Deliberate indifference exists when prison officials know of a substantial risk to a prisoner's health or safety and consciously disregard that risk. *See Farmer v. Brennan*, 511 U.S. 825, 836 (1994); *Miltier v. Beorn*, 896 F.2d 848, 851–52 (4th Cir. 1990) ("Deliberate indifference may be demonstrated by either actual intent or reckless disregard. A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." (citation omitted)). Within the United States Court of Appeals for the Fourth Circuit, "the treatment must be so grossly incompetent, inadequate, or excessive

---

[7] Plaintiff moves for default judgment against Defendant Argentino. [Doc. 42.] Rule 55 of the Federal Rules of Civil Procedure allows a court to enter judgment against a defendant who has failed to file an answer or otherwise defend against the allegations in the plaintiff's complaint. However, on February 24, 2014, the Court found that good cause existed to set aside the Clerk's entry of default as to Defendant Argentino. Accordingly, the Court recommends that Plaintiff's motion for default judgment be denied.

as to shock the conscience or to be intolerable to fundamental fairness" to violate a prisoner's Eighth Amendment rights. *Miltier*, 896 F.2d at 851.

To prevail on an Eighth Amendment claim, the prisoner must demonstrate (1) his medical condition was a sufficiently serious one[8] and (2) subjectively, the prison officials acted with a sufficiently culpable state of mind, which is satisfied by showing deliberate indifference by the prison officials. *Goodman v. Wexford Health Sources, Inc.*, No. 09-6996, 2011 WL 1594915, at *1 (4th Cir. Apr. 28, 2011) (quoting *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998)). As the United States Supreme Court has explained,

> Since, we said, only the "'unnecessary *and wanton* infliction of pain'" implicates the Eighth Amendment, a prisoner advancing such a claim must, at a minimum, allege "deliberate indifference" to his "serious" medical needs. "It is *only* such indifference" that can violate the Eighth Amendment; allegations of "inadvertent failure to provide adequate medical care," or of a "negligent . . . diagnos[is]," simply fail to establish the requisite culpable state of mind.

*Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (emphasis and alteration in original) (citations omitted). Further, in the context of prisoner medical care, the Constitution requires only that prisoners receive adequate medical care; a prisoner is not guaranteed his choice of treatment. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988) (citing *Layne v. Vinzant*, 657 F.2d 468, 471 (1st Cir. 1981)); *see Russell v. Sheffer*, 528 F.2d 318, 318 (4th Cir. 1975) (citing *Blanks v. Cunningham*, 409 F.2d 220 (4th Cir.1969); *Hirons v. Director*, 351 F.2d 613 (4th Cir.1965)) ("Prisoners are entitled to reasonable medical care."); *see also, e.g.*,

---

[8]"A medical need is 'serious' if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990) (citing *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3rd Cir. 1987); *Hendrix v. Faulkner*, 525 F. Supp. 435, 454 (N.D. Ind.1981)).

*Barton v. Dorriety*, No. 9:10-cv-1362, 2011 WL 1049510, at *2 (D.S.C. Mar. 21, 2011) (citing *Jackson*, 846 F.2d at 817). The fact that a prisoner believed he had a more serious injury or that he required better treatment does not establish a constitutional violation. *See, e.g.*, *Russell*, 528 F.2d at 319.

At the Rule 12(b)(6) stage, Plaintiff is not required to plead facts sufficient to prove his case; instead, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Here, Plaintiff sets forth facts sufficient to state a claim to relief that is plausible on its face. Plaintiff contends that Defendant Argentino was notified numerous times by the on-duty supervising officer that Plaintiff needed medical treatment, but Defendant Argentino refused to treat Plaintiff's injuries, causing Plaintiff not to receive any medical treatment until four days after the incident. [Doc. 1 at 4–5.] Accordingly, the Court recommends that Defendant Argentino's motion to dismiss be denied.

**Motion for Summary Judgment Filed by Plaintiff**

Based on the analysis above, it is recommended that Plaintiff's motion for summary judgment be denied with respect to his failure to protect claim against Defendant Robinson. With respect to Plaintiff's deliberate indifference to serious medical needs claim against Defendant Argentino, Plaintiff has failed to make a showing that his medical condition was sufficiently serious or that Defendant Argentino acted with a culpable state of mind in failing

to treat Plaintiff's injuries.[9]  *See Goodman*, 2011 WL 1594915, at *1.  Accordingly, the Court recommends that Plaintiff's motion for summary judgment be denied with respect to his deliberate indifference claim against Defendant Argentino.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Plaintiff's motion for summary judgment be DENIED; Plaintiff's motion for default judgment be DENIED; Defendant Argentino's motion to dismiss be DENIED; Defendant Robinson's motion for summary judgment be GRANTED; and Defendant Robinson's motion to dismiss for lack of prosecution be FOUND AS MOOT.  If this Report and Recommendation is adopted by the District Judge, it is also recommended that a dispositive motions deadline be set for Defendant Argentino.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin  
United States Magistrate Judge

June 27, 2014  
Greenville, South Carolina

---

[9] As stated above, the Court concludes that Plaintiff has stated facts in his Complaint sufficient to state a claim that is plausible on its face.  However, Plaintiff has not put forth any evidence to establish his claim. Although Plaintiff provided affidavits with his motion for summary judgment, none of the affidavits establish that his medical condition was serious or that Defendant Argentino acted with a culpable state of mind.